IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LATANGIA ANDERSON, | ) | CASE NO. 1:11CV1571 |
| | ) | |
| Petitioner, | ) | JUDGE NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| OHIO REFORMATORY FOR WOMEN, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the petition of Latangia Anderson ("Anderson") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on March 4, 2011. Anderson is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio vs. Anderson*, Case No. CR 510427-C (Cuyahoga County 2008). For the reasons set forth below, the court should dismiss Anderson's petition.

I. Background

The state appellate court reviewing Anderson's conviction during her direct appeal found the following facts to be relevant to her case:

{¶ 2} On May 8, 2008, defendant was indicted in connection with the death of Charles Gooden for one count of aggravated murder, one count of murder, and one count of felonious assault. On October 14, 2008, defendant entered into a plea agreement with the state of Ohio whereby the charges of aggravated murder and felonious assault were dismissed in exchange for defendant's guilty plea to the charge of murder. During these proceedings, her counsel stated:

{¶ 3} "I believe that, if she's released at some point in the future, she would be subject to postrelease control of up to five years." In addition, after outlining the pertinent constitutional rights, the trial court stated:

{¶ 4} "You're pleading guilty to count two, which is a-it's a felony of the first degree, and its subject to a sentence of 15 years to life. Do you understand that?

{¶ 5} "DEFENDANT: Yes.

{ 6} " * * *

{¶ 7} "THE COURT: And you would be subject, upon any release from prison, to postrelease control of five years. Do you understand that?

{¶ 8} "DEFENDANT: Yes."

{¶ 9} Thereafter, on October 30, 2008, prior to sentencing, defendant moved to vacate the guilty plea, contending that she did not understand the consequences of the plea, that exculpatory evidence was produced that she could not review, that her attorney forced her to plead guilty, and that she was innocent.

{¶ 10} The trial court held a hearing on the matter on November 21, 2008. At this time, defendant's counsel stated that the reference to postrelease control during the plea proceedings "may have been confusing to my client in that she felt that there may be an opportunity for her to receive postrelease control from the institution when that is incorrect. This is a parole situation. She would be facing 15 years to life and it would be determined by the Parole Board."

{¶ 11} Defendant's trial counsel also stated that the trial court did not inquire further after defendant indicated in the plea proceedings that she takes prescription medication. Counsel additionally noted that during the plea hearing, defendant stated that she was not satisfied with the representation that her trial counsel had provided, then later said that she was satisfied with the representation. Finally, defendant's trial counsel noted that defendant stated on the record that she said "Some things I don't understand but they don't need to go-[.]"

{¶ 12} The trial court denied the motion to vacate the guilty plea and sentenced defendant to a term of imprisonment of fifteen years to life, plus five years of postrelease control.

*State v. Anderson*, 2010 WL 1910071, at *1-*2 (Ohio App. May 13, 2010).

Anderson filed a timely notice of appeal in the state appellate court. She raised three assignments of error in her direct appeal:

> First Assignment of Error:
>
> I. The court's incorrect information regarding the appellant's legal status after release from prison rendered the guilty plea to be unknowingly, unintelligently and involuntarily given under Crim. R. 11 and State v. Clark, 2008 Ohio 3748, 119 Ohio St. 3d 239 (2008).
>
> II. The trial court erred in denying the appellant's pre-sentence motion to withdraw her guilty plea in violation of the Fourteenth Amendment.
>
> III. Local rule 19.1 of the Cuyahoga County local rules does not apply to criminal cases and any journal entry signed with an "electronic" signature does not have the force of law and violates Crim. R. 32(c) and the Fourteenth Amendment of the federal Constitution and State ex rel. Drucker v. Reichle, 81 N.E.2d 735, 1948 Ohio App LEXIS 907 (May 3, 1948).

(Punctuation altered from the original.) On May 24, 2010, the state appellate court affirmed the judgment of the trial court. The appellate court, however, remanded the case to the trial court to correct the journal entry of sentence by deleting the reference to post-release control. Upon remand, the trial court sentenced Anderson to the same sentence but without a notification of post-release control.

Anderson filed in the Ohio Supreme Court a timely notice of appeal of the state appellate court's decision. In her memorandum in support of jurisdiction, Anderson asserted two propositions of law:

> First Proposition of Law:
>
> A trial court fails to partially, and therefore substantially, comply with Crim. R. 11(c) when definitive evidence exists that had the defendant known that he or she would be subject to parole—and not postrelease control—upon the completion of his or her prison term, he or she would not have pleaded guilty.
>
> Second Proposition of Law:
>
> A presentence motion to withdraw a guilty plea should be granted when the plea was based on incorrect sentencing information regarding the defendant's legal status after release from prison.

3

On September 29, 2010, the Ohio Supreme Court dismissed Anderson's appeal as not involving any substantial constitutional question.

Anderson filed in the Federal District Court for the Southern District of Ohio a petition for a writ of habeas corpus on March 4, 2011. Anderson asserts two grounds for relief in her petition:

> **Ground One:** The trial court failed to comply with Crim. R. 11(C) that I would be subject to parole and not post release control. My representation at the time forced me to take a plea of guilty. As which I received a sentence of fifteen years to life. When I wanted to go to trial they wanted to give me the same amount of time as my codefendant and I did not feel that was fair. I originally wanted to take my case to trial and have different legal representation but was denied the opportunity by the judge.
>
> **Ground Two:** A presentence to motion to withdraw a guilty plea should be granted when the plea was based on incorrect sentencing information regarding my legal status after my release from prison.

The Southern District Court transferred the case to this court on July 29, 2011. Respondent filed an Answer/Return of Writ on December 30, 2011. Doc. No. 16. Thus, the petition is ready for decision.

## II. Jurisdiction

The Court of Common Pleas of Cuyahoga County, Ohio sentenced Anderson. Anderson's petition is in the Northern District of Ohio and raises claims regarding the constitutionality of her incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced her and each of such district courts shall have concurrent jurisdiction to entertain the application.

4

28 U.S.C. § 2241(a ) & (d). Cuyahoga County is within this court's geographic jurisdiction. This court has jurisdiction over Anderson' petition.

Respondent argues, however, that both Anderson's grounds for relief are not cognizable in habeas proceedings and, therefore, not within the court's subject matter jurisdiction.

A.  *Ground one: Failure to comply with Ohio Crim. R. 11(C) when sentencing Anderson*

Anderson argues that the trial court failed to comply with Ohio Crim. R. 11(C) ("R. 11(C)") in sentencing her and, had the court complied with that rule, Anderson would not have pleaded guilty.

On its face, Anderson's first ground for relief asserts a violation of state law. In reviewing the decision of state courts, this court does not consider questions of state law:

> "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764 (1990); see also *Pulley v. Harris,* 465 U.S. 37, 41 (1984). . . . [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, whether the trial court erred under state law in sentencing Anderson is a question beyond the jurisdiction of this court. For this reason, Anderson's first ground for relief should be dismissed as not within the court's subject matter jurisdiction.

Moreover, even liberally construing this *pro se* petitioner's first ground relief to find that it states a federal constitutional claim will not avail Anderson. As respondent points out, Anderson has procedurally defaulted her first ground for relief as a federal constitutional claim. Reasons of federalism and comity generally bar federal habeas

5

corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner

> has defaulted her federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Procedural default occurs when a petitioner fails to present fairly to the highest state court her claims in a federal constitutional context. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Anderson v. Harless*, 459 U.S. 4 (1982). Moreover, a failure to present a claim to the highest court in the state deprives a federal court hearing a habeas petition of jurisdiction on that issue. *See McKeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

A petitioner does not fairly present a federal claim to a state court merely by presenting the facts underlying his claim for relief, *Picard,* 404 U.S. at 277, nor by making a general reference to a broad constitutional guarantee, such as due process, *Gray v. J.D. Nederland*, 518 U.S. 152, 163 (1996). The petitioner must present argument or citations to cases which identify the substance of the particular analysis upon which petitioner relies in asserting his federal constitutional claim. *Gray*, 518 U.S. at 162-63. Moreover, "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

The federal constitutional claim related to a violation of Ohio Crim. R. 11(C) is a

claim that Anderson's guilty plea was not knowing, intelligent, and voluntary.  In the state appellate court, Anderson argued that the trial court's failure to follow R. 11(C) resulted in a guilty plea that was not knowing, intelligent, and voluntary.  But when Anderson presented her claim to the Ohio Supreme Court, she asserted only the state law proposition that the trial court's sentencing did not substantially comply with R. 11(C) and that she was prejudiced thereby.  The statement of her claim, her arguments, and her citations failed to implicate a federal constitutional question.  This is not sufficient to present a claim to a state court in a federal constitutional context.

Because Anderson failed to present her first ground for relief to the Ohio Supreme Court in a federal constitutional context, she procedurally defaulted that ground for relief. Anderson does not show cause and prejudice for this default, nor does she demonstrate that enforcing the procedural default would result in a miscarriage of justice.

Anderson's first ground for relief is beyond this court's subject matter jurisdiction. Moreover, even if this court were to construe Anderson's first ground for relief as a federal constitutional claim, that claim would be defaulted.  For these reasons, Anderson's first ground for relief should be dismissed.

*B.     Ground two:  Failure to grant Anderson's presentence motion to withdraw a guilty plea*

Anderson's second ground for relief, that the trial court erred in denying her presentence motion to withdraw her guilty plea because she was misinformed regarding her post-release status, is also a state law claim. The state appellate court reviewing this claim on direct appeal wrote as follows:

> {¶ 33} A motion to withdraw a guilty plea is governed by the standards set forth in Crim. R. 32.1, which states:

{¶ 34} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 35} . . . The decision to grant or deny such a motion is within the sound discretion of the trial court. *Id.*

*Anderson*, 2010 WL 1910071 at *5. Thus, in Ohio, whether a guilty plea may be withdrawn is entirely governed by state law. Moreover, the Supreme Court has never recognized a constitutional right to withdraw a guilty plea. Indeed, it has strongly implied that there is no such right. *See United States v. Hyde*, 520 U.S. 670 (1997).

As Anderson's second ground for relief is purely a matter of state law, this court is without jurisdiction to consider this ground for relief. For this reason, Anderson's second ground for relief should be dismissed as outside the court's subject matter jurisdiction.

IV.

For the reasons given above, Anderson's petition should be dismissed as beyond this court's subject matter jurisdiction.


Date: March 12, 2012                 /s/ Nancy A. Vecchiarelli
                                     United States Magistrate Judge

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**