IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LATANGIA ANDERSON,** | ) CASE NO. 1:11 CV 1571 |
| Petitioner, | ) |
| v. | ) **JUDGE DONALD C. NUGENT** |
| **OHIO REFORMATORY FOR WOMEN,** | ) Magistrate Judge Vecchiarelli |
| Respondent. | ) **MEMORANDUM OPINION** |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Vecchiarelli (Document #17). The Magistrate Judge recommends that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner, Latangia Anderson (Docket #1) be dismissed.

**Factual and Procedural History**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

I. Background

The state appellate court reviewing Anderson's conviction during her direct appeal found the following facts to be relevant to her case:

{¶ 2} On May 8, 2008, defendant was indicted in connection with the death of Charles Gooden for one count of aggravated murder, one count of

murder, and one count of felonious assault. On October 14, 2008, defendant entered into a plea agreement with the state of Ohio whereby the charges of aggravated murder and felonious assault were dismissed in exchange for defendant's guilty plea to the charge of murder. During these proceedings, her counsel stated:

{¶ 3} "I believe that, if she's released at some point in the future, she would be subject to postrelease control of up to five years." In addition, after outlining the pertinent constitutional rights, the trial court stated:

{¶ 4} "You're pleading guilty to count two, which is a-it's a felony of the first degree, and its subject to a sentence of 15 years to life. Do you understand that?

{¶ 5} "DEFENDANT: Yes

{ 6} " * * *

{¶ 7} "THE COURT: And you would be subject, upon any release from prison, to postrelease control of five years. Do you understand that?

{¶ 8} "DEFENDANT: Yes."

{¶ 9} Thereafter, on October 30, 2008, prior to sentencing, defendant moved to vacate the guilty plea, contending that she did not understand the consequences of the plea, that exculpatory evidence was produced that she could not review, that her attorney forced her to plead guilty, and that she was innocent.

{¶ 10} The trial court held a hearing on the matter on November 21, 2008. At this time, defendant's counsel stated that the reference to postrelease control during the plea proceedings "may have been confusing to my client in that she felt that there may be an opportunity for her to receive postrelease control from the institution when that is incorrect. This is a parole situation. She would be facing 15 years to life and it would be determined by the Parole Board."

{¶ 11} Defendant's trial counsel also stated that the trial court did not inquire further after defendant indicated in the plea proceedings that she takes prescription medication. Counsel additionally noted that during the plea hearing, defendant stated that she was not satisfied with the representation that her trial counsel had provided, then later said that she was satisfied with the representation. Finally, defendant's trial counsel

> noted that defendant stated on the record that she said "Some things I don't understand but they don't need to go-[.]"

> {¶ 12} The trial court denied the motion to vacate the guilty plea and sentenced defendant to a term of imprisonment of fifteen years to life, plus five years of postrelease control.

State v. Anderson, 2010 WL 1910071, at *1-*2 (Ohio App. May 13, 2010).

Anderson filed a timely notice of appeal in the state appellate court. She raised three assignments of error in her direct appeal:

First Assignment of Error:

I. The court's incorrect information regarding the appellant's legal status after release from prison rendered the guilty plea to be unknowingly, unintelligently and involuntarily given under Crim. R. 11 and State v. Clark, 2008 Ohio 3748, 119 Ohio St. 3d 239 (2008).

II. The trial court erred in denying the appellant's pre-sentence motion to withdraw her guilty plea in violation of the Fourteenth Amendment.

III. Local rule 19.1 of the Cuyahoga County local rules does not apply to criminal cases and any journal entry signed with an "electronic" signature does not have the force of law and violates Crim. R. 32(c) and the Fourteenth Amendment of the federal Constitution and State ex rel. Drucker v. Reichle, 81 N.E.2d 735, 1948 Ohio App LEXIS 907 (May 3, 1948).

(Punctuation altered from the original.) On May 24, 2010, the state appellate court affirmed the judgment of the trial court. The appellate court, however, remanded the case to the trial court to correct the journal entry of sentence by deleting the reference to post-release control. Upon remand, the trial court sentenced Anderson to the same sentence but without a notification of post-release control.

Anderson filed in the Ohio Supreme Court a timely notice of appeal of the state appellate court's decision. In her memorandum in support of jurisdiction, Anderson asserted two propositions of law:

> First Proposition of Law:
>
> A trial court fails to partially, and therefore substantially, comply with Crim. R. 11(c) when definitive evidence exists that had the defendant known that he or she would be subject to parole—and not postrelease control—upon the completion of his or her prison term, he or she would not have pleaded guilty.
>
> Second Proposition of Law:
>
> A presentence motion to withdraw a guilty plea should be granted when the plea was based on incorrect sentencing information regarding the defendant's legal status after release from prison.

On September 29, 2010, the Ohio Supreme Court dismissed Anderson's appeal as not involving any substantial constitutional question.

Anderson filed in the Federal District Court for the Southern District of Ohio a petition for a writ of habeas corpus on March 4, 2011. Anderson asserts two grounds for relief in her petition:

> Ground One: The trial court failed to comply with Crim. R. 11(C) that I would be subject to parole and not post release control. My representation at the time forced me to take a plea of guilty. As which I received a sentence of fifteen years to life. When I wanted to go to trial they wanted to give me the same amount of time as my codefendant and I did not feel that was fair. I originally wanted to take my case to trial and have different legal representation but was denied the opportunity by the judge.
>
> Ground Two: A presentence to motion to withdraw a guilty plea should be granted when the plea was based on incorrect sentencing information regarding my legal status after my release from prison.

The Southern District Court transferred the case to this court on July 29, 2011. Respondent filed an Answer/Return of Writ on December 30, 2011. Doc. No. 16.

Magistrate Judge's Report and Recommendation (Docket #17)at pp. 1-4.

### Report and Recommendation

On March 12, 2012, the Magistrate Judge issued her Report and Recommendation. (Docket #17.) The Magistrate Judge recommends the Petition be dismissed because both of

Petitioner's Grounds for Relief are beyond the Court's subject matter jurisdiction. Petitioner's First Ground for Relief would otherwise be barred as procedurally defaulted.

No objections were filed to the Report and Recommendation.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

## Conclusion

This Court has reviewed the Magistrate Judge's Report and Recommendation. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. The Report and Recommendation (Docket #17) is ADOPTED.

The Petition for Writ of Habeas Corpus filed by Latangia Anderson pursuant to 28 U.S.C. § 2254 (Docket #1) is hereby DISMISSED.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880,

893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: _May 21, 2012_